IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY ROMERO,                                          6:12-cv-01993-HU

        Plaintiff,                                   ORDER

  v.

DR. VARGO, et al.,

        Defendants.

HUBEL, Magistrate Judge

    Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action complaining that from December 21, 2011, through December 17, 2012, he was denied surgery for Morton Neuroma in his left foot. Currently before the court are defendants' motions for summary judgment (#44), and for extension of time (#53); and plaintiff's motions for extension of time to respond to defendants' motion for summary judgment (#57), and to compel (#59).[1]

---

[1] The parties have consented to have a United States Magistrate Judge conduct any and all proceedings, in this case, including the entry of judgment. Fed. R. Civ. P. 73(b); 28 U.S.C. § 636(c)(1).

1 - ORDER

## DISCUSSION

I. **Defendants' Motion for Summary Judgment**.

Defendants move for summary judgment on the basis that plaintiff's claims are barred by the doctrines of claim and issue preclusion. Defendants argue that plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs is the same claim raised in <u>Romero v. Vargo</u>, 3:07-cv-06083-MO, and <u>Romero v. Vargo</u>, 3:10-cv-06066-JO. I disagree.

In both of plaintiff's prior cases, plaintiff challenged the denial (from 2004 to February, 2010) of shoes with a metatarsal pad to alleviate foot pain caused by Hallux Valgus on his left foot. In the instant proceeding, in contrast, plaintiff challenges the denial of surgery (and shoes) for a foot condition diagnosed as Morton's Neuroma.[2] According to plaintiff's allegations, Dr. Becker recommended surgery on December 21, 2011. Documents subsequently filed by plaintiff indicate that he was provided the surgery approximately one year later on December 17, 2012. Attachment to Pltff's Aff. in Support of Supp. Complaint (#23) at 6.

Because plaintiff's allegations in the instant proceeding are based upon conduct occurring since 2011, and pertain to the denial

---

[2] According to Dorland's Illustrated Medical Dictionary (28th ed. 1994) at pgs. 730, 1127 & 1130, Hallux Valgus is an angulation of the great toe toward the other toes. Morton's Neuroma is pressure related nerve damage to the metatarsus.

2 - ORDER

of surgery for pain related to Morton's Neuroma, rather than shoes with a metatarsal pad to alleviate pain related to Hallux Valgus, the complaint filed in the instant proceeding does not raise an identical claim as those raised in Romero v. Vargo, 3:07-cv-06083-MO, or Romero v. Vargo, 3:10-cv-06066-JO. See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (claim preclusion requires identity of claims that arose out of the same nucleus of facts); Engquist v. Oregon Dept. of Agriculture, 478 F.3d 985, 1007 (9th Cir. 2007) (application of issue preclusion requires that an issue necessarily decided in a previous proceeding is identical to the one which is sought to be relitigated). Accordingly, defendants are not entitled to summary judgment, and plaintiff's request for additional time to respond to defendants' motion is moot.

## II. **Plaintiff's Motion to Compel**.

Plaintiff moves to compel defendants to respond to his requests for interrogatories and for production of documents mailed to defendants on July 1, 2013. Defendants have timely moved for a 30-day extension of time, to September 5, 2013, to respond to plaintiff's outstanding discovery requests. Defendants' motion is GRANTED. As a result, plaintiff's motion to compel (#59) is DENIED, with leave to renew in the event defendants do not timely or adequately respond to his discovery requests.

///

3 - ORDER

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (#44) is DENIED; plaintiff's motions for extension of time and to compel (#57 & #59) are DENIED AS MOOT; and defendants' motion for extension of time (#53) is GRANTED. Defendants shall respond to plaintiff's outstanding requests for interrogatories and to produce by September 5, 2013.

IT IS SO ORDERED.

DATED this 13th day of August, 2013.

_____
Dennis J. Hubel
United States Magistrate Judge